IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11cv215

| | |
|---|---|
| MARGARET JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Pending before the Court is Plaintiff's Motion for Extension of Time to Pay Filing Fee [# 4]. Previously, the Court denied Plaintiff's request to proceed *in forma pauperis* in this case and granted Plaintiff thirty days to pay the filing fee or face the dismissal without prejudice of this action. (Order, Sept. 10, 2011.) Plaintiff, who is represented by counsel, failed to pay the filing fee within thirty days or move for an extension of time to do so prior to the expiration of the thirty day period. Instead, Plaintiff moved for an extension of time to pay the filing fee after the expiration of the thirty day period. The Court **DENIES** Plaintiff's Motion [# 4]. The Court also **RECOMMENDS** that the District Court dismiss without prejudice this action.

-1-

I.   Analysis

Plaintiff filed the motion requesting an extension of time to pay the filing fee after the expiration of the deadline the Court imposed for doing so. Rule 6(b)(1) of the Federal Rules of Civil Procedure governs the granting of an extension of time where a party moves for an extension <u>after</u> the expiration of a specified deadline. Fed. R. Civ. P. 6(b)(1). In such cases, the Court may only grant an extension where "the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). When applying Rule 6(b)(1), the Court must construe and administer the rule "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed R. Civ. P. 1.

The phrase "excusable neglect" in Rule 6(b)(1)(B) "is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 392, 113 S. Ct. 1489, 1496 (1993). The determination of whether an attorney's neglect in missing a deadline is excusable is an equitable one that takes into account all the relevant circumstances concerning the attorney's omission. <u>Id.</u> at 395, 113 S. Ct. at 1498 (interpreting the term "excusable neglect" in the context of Bankruptcy Rule 9006(b)(1)); <u>see also</u> <u>Thompson v. E.I. Dupont de Nemours & Co.</u>, 76 F.3d 530, 533 (4th Cir. 1996) (applying <u>Pioneer</u> to Federal

Rule of Appellate Procedure 4(a)(5)); Gee v. Boyles, No. 1:10cv270, 2011 WL 666369, at *1 (W.D.N.C. Feb. 14, 2011) (applying Pioneer to Rule 6(b)(1)(B)) (Conrad, C.J.); 4B Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus, Federal Practice and Procedure § 1165 (3rd ed. 2002). The relevant circumstances include, "the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer, 507 U.S. at 395, 113 S. Ct. at 1498; see also St. Clair v. Gen. Motors Corp., 10 F. Supp. 2d 523, 528 (M.D.N.C. 1998). The most important of these factors is the attorney's reason for missing the deadline. Thompson, 76 F.3d at 534.

Plaintiff, however, has not set forth any reason for why she failed to either comply with the Court's deadline or request an extension of time prior to the expiration of the deadline. In fact, her entire motion is only two sentences and states only that she needs additional time to provide a check to the Court. Because Plaintiff has not shown excusable neglect, the Court **DENIES** the motion [# 4]. In addition, the Court **RECOMMENDS** that the District Court dismiss without prejudice this action as a result of Plaintiff's failure to comply with the Court's September 12, 2011, Order.

## II. Conclusion

The Court **DENIES** the Plaintiff's Motion for Extension of Time to Pay Filing Fee [# 4]. The Court **RECOMMENDS** that the District Court dismiss without prejudice this action as a result of Plaintiff's failure to comply with the Court's September 12, 2011, Order.

Signed: October 17, 2011

Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).