THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:11cv215

| | |
|---|---|
| MARGARET JONES, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE, Commissioner of )<br>Social Security, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Extension of Time to Pay Filing Fee [Doc. 4].

Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, United States Magistrate Judge Dennis L. Howell was designated to consider the motion and to submit recommendations for its disposition.

On October 14, 2011, the Magistrate Judge filed a Memorandum and Recommendation in which he recommended denying the motion for an extension of time within which to pay the filing fee. [Doc. 5]. The Plaintiff timely filed objections to that recommendation. [Doc. 6].

## PROCEDURAL HISTORY

On August 23, 2011, the Plaintiff initiated this action for review of the denial of her application for social security benefits. [Doc. 2]. On that same date, she filed an Application to Proceed in District Court without Prepaying Fees or Costs. [Doc. 1]. On September 12, 2011, that Application was denied by sealed ruling and the Plaintiff was ordered to pay the filing fee on or before thirty days of entry of that Order. [Doc. 3]. Notice of the Order was provided to Plaintiff's counsel electronically, as is the custom in this Court.

The Plaintiff's filing fee was due on October 12, 2011. She did not pay the fee; instead, on October 14, 2011, Plaintiff's counsel filed a motion for an extension of time within which to pay the same. [Doc. 4]. In support of that motion, counsel stated merely that she was "in need of additional time to get a check to the Court which is being put in the mail today." [Id.].

The Magistrate Judge recommended that the motion be denied. [Doc. 5]. From this recommendation, the Plaintiff has filed objections to which no reply was made by the Defendant.

## STANDARD OF REVIEW

A district court reviews specific objections to a Memorandum and Recommendation under a *de novo* standard. 28 U.S.C. §636(b). "Parties filing objections must specifically identify those findings objected to." Battle

2

v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir.1987), overruled on other grounds Douglass v. United Ervs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996). If a party makes only general objections, *de novo* review is not required. Wells v. Shriners Hospital, 109 F.3d 198, 200 (4th Cir. 1997). "Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only *those portions* of the report or *specified* proposed findings or recommendations *to which objection is made*." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007) (emphasis in original).

## DISCUSSION

The Plaintiff does not object to the Magistrate Judge's conclusion that Federal Rule of Civil Procedure 6(b)(1)(B) applies to her motion. She objects only to his conclusion that she failed to show excusable neglect. The Rule provides in pertinent part:

> When an act ... must be done within a specified time, the court may, for good cause, extend the time ... on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed.R.Civ.P. 6(b)(1)(B).

At the time of the Magistrate Judge's ruling, the Plaintiff had failed to

3

present any explanation for her failure to pay the filing fee except the cursory statement that she was "in need of additional time to get a check to the Court which is being put in the mail today." [Doc. 4]. The Magistrate Judge's recommendation was therefore legally and factually correct.

Now, however, the Plaintiff has come forward with her stated reasons to support her claim of excusable neglect. The reasons cited are as follows: (1) counsel did not receive notice of this Court's Order of September 12, 2011 or, in the alternative, the electronic email notification was "inadvertently deleted"; (2) counsel was unaware of the Order until an employee of the United States Clerk of Court telephoned her office; (3) counsel filed a motion for an extension of time because she was told to do so by the employee of the Clerk of Court; (4) counsel did not specify in the motion a ground for excusable neglect because the employee of the Clerk of Court did not advise her to do so; (5) the length of the delay was not prolonged; and (6) unless an extension is granted, counsel's client, the Plaintiff, will lose her right to review of the final decision of the Social Security Appeals Council. [Doc. 6 at 1-2].

It is first noted that this Court takes a dim view of the fact that counsel blames her default on advice purportedly received or not received from the office of the Clerk of Court. The Plaintiff is represented in this matter by Ms. Hall; Ms. Hall is the attorney of record; and it is incumbent on her as the

4

attorney to be aware of and to act in accordance with the Federal Rules of Civil Procedure. It is particularly inappropriate to blame the omissions and errors of counsel on an agency within the federal court system and/or any employee thereof.

Indeed, but for the fact that the Defendant did not file a Reply to the Objections, the Court would be more inclined to deny the relief sought.

> [T]here is no indication that anything other than the commonly accepted meaning of [excusable neglect] was intended by the drafters [of Rule 6]. It is not surprising, then, that in applying Rule 6(b), the Courts of Appeal have generally recognized that "excusable neglect" may extend to inadvertent delays. Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect, it is clear that "excusable neglect" under Rule 6(b) is a somewhat "elastic concept" and is not limited strictly to omissions caused by circumstances beyond the control of the movant.

Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 391-92, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

Indeed, "the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Id. at 395. Relevant circumstances include the danger of prejudice to the opposing party, the length of the delay, its potential impact on the proceedings and whether the moving party acted in good faith. Id. Here, the Defendant has not objected to the Plaintiff's explanation and the case is in its earliest stages, thus reducing the danger of prejudice to the Defendant. The length of the

5

delay was short, only two days but the impact on the case of denying the extension would be to leave the Plaintiff with no legal remedy. Nor is there any evidence that the Plaintiff acted in bad faith by moving for an extension of time.

Under these circumstances, which the Court notes are limited solely to the peculiar facts of this case, it would be inequitable to refuse the short extension of time. The Court therefore finds that the Magistrate Judge's recommendation was correct at the time that it was made. It nonetheless grants the extension of time based on grounds presented after the Magistrate Judge's recommendation.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Extension of Time to Pay Filing Fee [Doc. 4] is hereby **GRANTED.**

Signed: December 16, 2011

Martin Reidinger
United States District Judge